IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 2:15-CR-086-D(1) |
| VS. § | |
| § | |
| DOUGNECKEO ELROME MADISON, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Dougneckeo Elrome Madison ("Madison") moves for compassionate release, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the court denies the motion.

I

Madison pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii). On June 8, 2016 the court sentenced him to 188 months' imprisonment followed by 5 years of supervised release. On May 22, 2024 Madison filed the instant motion for compassionate release, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on "family circumstances and rehabilitation." D. Mot. 3. The government responded to Madison's motion on June 3, 2024, and, after obtaining an extension of time, Madison filed his reply

on July 3, 2024.[1]  Madison's motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by

---

[1]After he filed his reply, Madison filed, and the court granted, a motion for leave to supplement his motion for compassionate release with three letters of support.

[2]In his reply, Madison contends that he filed a compassionate release request with the Warden prior to filing his motion with the court; that more than 30 days have elapsed and he has not received a response; that he requested compassionate release a second time, through institutional email, and a third time after receiving the government's response; and that if he receives any response within 30 days of his third attempt, he will notify the court. The court will assume *arguendo* that Madison has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Madison seeks compassionate release based on "family circumstances and rehabilitation." D. Mot. 3. He contends that his mother and stepfather both suffer from severe health issues that render them incapable of self care—his stepfather has been diagnosed with numerous serious health conditions, including bladder cancer, and has been unable to secure reliable transportation to a cancer specialist located three hours away, and his mother suffers from glaucoma, osteoporosis, arthritis, high blood pressure, and obesity, "is mostly bed ridden, and can barely walk"—and that they both need his assistance as their "primary, only available, and reliable caregiver." *Id.* Regarding his rehabilitation efforts, Madison contends that the BOP has classified him as a low-recidivism risk and that he has completed numerous programs that have given him the tools to rehabilitate himself, address his drug addiction, and address his "criminal thinking errors," *id.* at 5.

Because the court concludes below that Madison's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Madison has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Madison is currently serving a 188-month sentence for possession with intent to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. At the time of sentencing, he fell into criminal history category VI, the highest category, based on multiple prior adult convictions, including, *inter alia*, for

unlawful possession of a firearm, aggravated assault, resisting law enforcement, and dealing cocaine. Although the court sentenced him to 188 months' imprisonment, his advisory guideline range was actually considerably higher—292 to 365 months—and he benefited from the government's motion under U.S.S.G. § 5K1.1 and the court's decision to sentence him at the bottom of the range that the motion produced. He is not eligible for release from prison until March 3, 2028. If the court grants Madison's motion, it will be ordering him released more than 3½ years before he would otherwise be eligible. Not only would Madison's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Madison contends that his institutional record is a reflection of his "non-dangerous status" and that he is "not a dangerous person." D. Reply 3, 4; *see also id.* at 3 ("I would assure the court that there is no part of my personal being that would ever come to being a danger to anyone[.]"). But he fails to provide sufficient evidence to support his contention that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the

undersigned as the sentencing judge is aware of Madison's relevant offense conduct, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Madison's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, Madison's May 22, 2024 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

August 7, 2024.

                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE